**Zhen Ming LI, Petitioner,**

v.

**Alberto GONZALES,\* Respondent.**

**Docket No. 03–40490.**

United States Court of Appeals,
Second Circuit.

Sept. 19, 2005.

Thomas V. Massucci, New York, NY, for Petitioner.

Suzanne J. Moore, Assistant United States Attorney, (James G. Martin, United States Attorney for the Eastern District of Missouri, on the brief), St. Louis, MO, for Respondent.

Present: CARDAMONE, POOLER, and RAGGI, Circuit Judges.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition be, and it hereby is, **DENIED.**

Petitioner Zhen Ming Li, a citizen of the People's Republic of China, petitions for review from an order of the Board of Immigration Appeals ("BIA"), dated August 14, 2003, denying Li's motion to reopen his removal proceedings and submit new evidence relevant to his claims for relief. We assume the parties' familiarity with the facts, proceedings below, and specification of issues.

This court reviews the denial of a motion to reopen for abuse of discretion. *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary materi-

---

\* United States Attorney General Alberto Gonzales is substituted as Respondent. *See* Fed.

R.App. P. 43(c)(2).

al." 8 C.F.R. § 1003.2(c)(1). It is further required that the new evidence "could not have been discovered or presented at the former hearing." *Id.* Generally, the motion must "be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). Relevant to Li's petition, there is an exception to this rule, however, when the applicant can show "changed circumstances" in the country of removal so long as the "evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Li failed to satisfy the 90–day limit. The final order in Li's BIA proceeding was issued on November 18, 2002, and his motion to reopen was not received by the BIA until May 13, 2003. Li's motion to reopen, which referenced a letter from the United States Secretary of State to Senator Leahy but did not attach any affidavits or evidentiary materials, also failed to establish "changed circumstances," as required by 8 C.F.R. § 1003.2(c)(3). Li himself acknowledged that the letter from the Secretary of State indicated that China's family planning regime remained coercive, i.e. that the conditions in China had not changed. In light of Li's failure to present any material evidence that could not have been presented at the previous hearing, we conclude that the BIA's dismissal of Li's motion to reopen was not an abuse of discretion.

We have considered Li's remaining arguments and we find them to be without merit. For the foregoing reasons, the petition for review is DENIED. Accordingly, Li's motion for a stay of removal is DENIED.